IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSAY MORGAN HEGNA | FILED | CIVIL ACTION |
| v. | JUN 13 2017 | |
| SMITTY'S SUPPLY, INC. | KATE BARKMAN, Clerk<br>By_____Dep. Clerk | NO. 16-3613 |

### MEMORANDUM

**Padova, J.**  June 13, 2017

Plaintiff Lindsay Hegna has brought this action against her former employer, Smitty's Supply, Inc. ("Smitty's"), arising from Smitty's failure to pay her what she claims she is owed for her interest in Smitty's Phantom Stock and Stock Appreciation Rights Plans. Smitty's has moved to dismiss this action for lack of personal jurisdiction or, in the alternative, to transfer this action to the United States District Court for the Eastern District of Louisiana. For the reasons that follow, we deny Defendant's request that we dismiss this action and grant its alternative request that we transfer this action to the Eastern District of Louisiana.

### I. FACTUAL BACKGROUND

The Amended Complaint alleges the following facts. Plaintiff is a resident of Pennsylvania. (Am. Compl. ¶ 1.) Smitty's is a Louisiana corporation with its principal place of business in Roseland, Louisiana. (Id. ¶ 2.) Edgar R. Smith is the sole owner and Chairman of Smitty's. (Id. ¶ 6.) In July 2014, Smith asked Hegna to become the Executive Vice President of Smitty's and offered her the following compensation package: salary of $200,000.00 per year; life insurance; an incentive compensation plan; a 401K plan; a 5% interest in Smitty's Phantom Stock Plan, which would fully vest as of January 2014; and a 5% interest in Smitty's Stock Appreciation Rights ("SARs") Plan, which would also fully vest as of January 2014. (Id. ¶ 8.) Hegna accepted Smith's offer and worked as Executive Vice President of Smitty's until her

cc: legal

employment was terminated on March 11, 2016. (Id. ¶¶ 9, 17.) Smitty's Board of Directors approved Hegna's deferred compensation plan during a December 2014 Board Meeting (the "December 2014 Board Meeting"). (Id. ¶ 15.)

Since her termination, Hegna has repeatedly requested that Smitty's compensate her for her vested interest in its Phantom Stock and SARs Plans. (Id. ¶ 18.) The value of Hegna's vested interest in those Plans is approximately $27,500,000.00. (Id. ¶ 19.) Smitty's has refused to pay Hegna for her vested interest in the Plans and has also refused to provide her with an accounting of her interest's value. (Id. ¶ 20.)

The Amended Complaint asserts three claims against Smitty's. Count I asserts a claim for breach of Hegna's oral employment contract with Smitty's based on Smitty's failure to pay Hegna the value of her vested interest in the company's Phantom Stock and SARs Plans. (Id. ¶¶ 23-27.) Count II asserts an alternative claim for fraudulent misrepresentation, alleging that Smith intentionally misrepresented that Hegna would be given a vested interest in the Phantom Stock and SARs Plans in order to induce her to become the Executive Vice President of Smitty's. (Id. ¶¶ 30-36.) Count III asserts a claim for negligent misrepresentation, alleging, in the alternative, that Smitty's misrepresented material facts to Hegna in order to entice her to accept the position as its Executive Vice President. (Id. ¶¶ 38-43.)

## II. LEGAL STANDARD

Smitty's has moved to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)); see also Fed. R. Civ. P. 4(k)(1) ("Serving a summons . . . establishes personal

jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ."). "Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants 'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with this Commonwealth allowed under the Constitution.'" Ackourey v. Sonellas Custom Tailors, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting 42 Pa. Cons. Stat. Ann. § 5322(b)). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" O'Connor, 496 F.3d at 316-17 (alterations in original) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"'[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" Bootay v. KBR, Inc., 437 F. App'x 140, 143 (3d Cir. 2011) (alteration in original) (quoting Carteret Savs. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). The plaintiff, however, "'bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction,'" Control Screening LLC v. Tech. Application & Production Co., 687 F.3d 163, 167 (3d Cir. 2012) (quoting Carteret Savs. Bank, 954 F.2d at 146), and "may not rest solely on the pleadings to satisfy this burden." Gutierrez v. N. Am. Cerruti Corp., Civ. A. No. 13-3012, 2014 WL 6969579, at *2 (E.D. Pa. Dec. 9, 2014) (citing Simeone v. Bombardier-Rotax GmbH, 360 F. Supp. 2d 665, 669 (E.D. Pa. 2005); and Carteret Savs. Bank, 954 F.2d at 146). "Once the defense has been raised, 'then the plaintiff must sustain [her] burden of proof in establishing jurisdictional facts through sworn affidavits or other

competent evidence' and may not 'rely on the bare pleadings alone.'" Int'l Bhd. of Elec. Workers Local Union No. 126 Ret. Plan Tr. Fund v. Cablelinks, Inc., Civ. A. No. 15-1925, 2015 WL 8482831, at *1 (E.D. Pa. Dec. 10, 2015) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

## III. DISCUSSION

There are two types of personal jurisdiction, general and specific. O'Connor, 496 F.3d at 317 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984)). The Supreme Court has explained that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing Int'l Shoe, 326 U.S. at 317). "Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (alteration in original) (quotation and citation omitted). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (quotation omitted).

### A. General personal jurisdiction

Smitty's argues that it is not subject to general personal jurisdiction in this District because it is a Louisiana corporation with its principal place of business in Louisiana. In Goodyear, the Supreme Court "made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." Daimler AG v. Bauman, --U.S.--, 134 S. Ct. 746, 760 (2014). As the Supreme Court explained, "'[f]or an individual, the paradigm

4

forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" Id. (quoting Goodyear, 564 U.S. at 924). Consequently, for a corporation, "the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." Id. (alterations in original) (quotation and citation omitted). In addition, "in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Id. at 761 n.19 (citation omitted). However "[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201, 1205 (11th Cir. 2015). Thus, "[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" Goodyear, 564 U.S. at 927 (quoting Int' Shoe, 326 U.S. at 318).

Smitty's maintains that, because it is incorporated in Louisiana and has its principal place of business in Louisiana, the "paradig[m] . . . bases" for general personal jurisdiction do not support the assertion of jurisdiction by courts in Pennsylvania. See Damlier, 134 S. Ct. at 760 (alterations in original) (quotation and citation omitted). Smitty's also argues that Hegna cannot establish by a preponderance of the evidence that its activities within this Commonwealth are "so substantial and of such a nature as to render [it] at home in" this Commonwealth so as to subject it to general personal jurisdiction here. Id. at 761 n.19. The evidence of record shows that Smitty's manufactures lubricants and related products and distributes its products to all 50 states and more than 50 countries. (Hegna Exs. 9, 10.) Smitty's "has never had an office in

5

Pennsylvania [and] has never had a manufacturing site in Pennsylvania." (Smith Aff. ¶ 10.) During the twelve months preceding September 1, 2016, Smitty's sales in Pennsylvania amounted to less than 1% of its total sales. (Tate Aff. ¶ 2.) In addition, during the three years prior to November 2016, Smitty's had no more than two employees who worked in Pennsylvania. (Hegna Aff. ¶ 16.) Upon consideration of the facts of record, we conclude that we do not have general jurisdiction over Smitty's based on that corporation's place of incorporation, its principal place of business, or the extent of its activities within this Commonwealth. See Daimler, 134 S. Ct. at 760-61 (rejecting "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" as "unacceptably grasping" (quotation omitted)).

Hegna argues, however, that Smitty's consented to general personal jurisdiction in Pennsylvania by registering to do business in the Commonwealth. Pennsylvania's general personal jurisdiction statute provides that a corporation's registration as a foreign corporation in Pennsylvania subjects that corporation to general personal jurisdiction here:

> The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
> . . . .
>
> (2) Corporations.--
> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
> (ii) Consent, to the extent authorized by the consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. Cons. Stat. Ann. § 5301(a). Plaintiff has submitted evidence that Smitty's has been registered with the Pennsylvania Department of State to do business in Pennsylvania as a foreign corporation since August 26, 2002. (Pl.'s Ex. 7.)

Smitty's argues that subjecting it to general personal jurisdiction in Pennsylvania merely because it is registered to do business here as a foreign corporation would violate the Due Process Clause as described and applied in Goodyear and Daimler. Smitty's has cited to no authority that directly supports this argument. This is not, however, an issue of first impression in this district. In Bors v. Johnson & Johnson, 208 F. Supp. 3d 648 (E.D. Pa. 2016), the district court specifically considered whether subjecting a corporation that had registered pursuant to § 5301(a)(2) to personal jurisdiction in Pennsylvania would violate the Due Process Clause and concluded that it did not. The Bors court reasoned that registration under § 5301 constitutes consent to general personal jurisdiction in Pennsylvania and that such "[c]onsent remains a valid form of establishing personal jurisdiction under the Pennsylvania registration statute after Daimler." Bors, 208 F. Supp. 3d at 655. In reaching this conclusion, the Bors Court noted that "[p]ersonal jurisdiction may be established through a party's expressed or implied consent." Id. at 652 (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703–04 (1982)). Like the Bors Court, we note that the Supreme Court did not address the validity of a corporation's consent to personal jurisdiction through its registration to do business in a state in its decisions in Goodyear and Daimler. See id. at 653 (citations omitted). Thus, "[t]he ruling in Daimler does not eliminate consent to general personal jurisdiction over a corporation registered to do business in Pennsylvania." Id. (citation omitted).

In Bane v. Netlink, Inc., 925 F.2d 637 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit determined that registration under § 5301(a)(2) "carries with it consent to be

7

sued in Pennsylvania courts." Id. at 640. Consequently, since § 5301 "specifically advises the registrant of the jurisdictional effect of registering to do business" in this Commonwealth, id. at 655, we conclude that, by registering to do business under § 5301, Smitty's consented to general personal jurisdiction in Pennsylvania and that its consent is still valid under Goodyear and Damlier. Thus, we further conclude that we have general personal jurisdiction over Smitty's pursuant to 42 Pa. Cons. Stat. Ann. § 5301(a)(2) and we deny the Motion to Dismiss as to this argument.[1]

### B. The Dormant Commerce Clause

Smitty's also argues that we should dismiss this action because the imposition of general personal jurisdiction over it based on its registration to do business in this Commonwealth violates the dormant Commerce Clause. "The Commerce Clause of the United States Constitution grants Congress plenary authority to regulate commerce among the states, and 'has long been understood to have a "negative" aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce.'" Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 418 (3d Cir. 2011) (quoting Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of Or., 511 U.S. 93, 98 (1994)). Smitty's argues that construing § 5301(a)(2) to permit the exercise of general personal jurisdiction over foreign corporations that register to do business

---

[1] Smitty's also argues that we should dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The Amended Complaint asserts that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). (Am. Compl. ¶ 5.) Section 1391(b) provides that "[a] civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). A corporation is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." Id. § 1391(c)(2). Since we have concluded that we have general personal jurisdiction over Smitty's, we further conclude that venue is proper in this judicial district. The Motion to Dismiss is, accordingly, denied as to this argument.

in Pennsylvania would disproportionately burden foreign corporations and thus violate the dormant Commerce Clause.

Smitty's relies on Davis v. Farmers' Co-op Equity Co., 262 U.S. 312 (1923). In Davis, a citizen of Kansas brought a claim against a Kansas corporation in the Minnesota state courts, asserting claims arising from conduct that occurred in Kansas. Id. at 314. The Minnesota state courts exercised personal jurisdiction over the Kansas corporation pursuant to a Minnesota statute that "compel[led] every foreign interstate carrier to submit to suit there as a condition of maintaining a soliciting agent within the state." Id. at 315. In reviewing that application of personal jurisdiction, the Supreme Court noted that the Minnesota statute provided for personal jurisdiction in Minnesota "whatever the nature of the cause of action, wherever it may have arisen, and although the plaintiff is not, and never has been, a resident of the state" and therefore concluded that the statute as applied in that case "impose[d] upon interstate commerce a serious and unreasonable burden, which renders the statute obnoxious to the commerce clause." Id. (citations omitted). The Supreme Court nevertheless observed that the application of the statute might not be unconstitutional if the plaintiff were a resident of the state in which the suit had been filed. Id. at 316-17.

Smitty's also relies on In re Syngenta AG MIR 162 Corn Litig., Civ. A. No. 14-MD-2591-JWL, 2016 WL 2866166 (D. Kan. May 17, 2016), in which the United States District Court for the District of Kansas considered whether actions brought by non-resident plaintiffs against a non-resident defendant should be dismissed for lack of personal jurisdiction. Id. at *1. The non-resident defendant had registered to do business in Kansas pursuant to a statute that "require[s] consent to general jurisdiction in Kansas." Id. That defendant argued, relying on Davis, that the registration statute violated the dormant Commerce Clause. Id. at *4. The

Sygenta court concluded that the Kansas registration statute violated the Commerce Clause "as applied in these cases to claims by the non-resident plaintiffs." Id. However, the Sygenta court also noted that the Supreme Court itself has observed that it has "reached a different result from Davis in cases in which the plaintiff was a resident of the state in which suit was brought." Id. at *5 (citing Int'l Milling Co. v. Columbia Transp. Co., 292 U.S. 511, 518-19 (1934)).

Hegna is a resident of Pennsylvania. Smitty's has not identified any authority in which a registration statute that imposes general personal jurisdiction over foreign corporations that register to do business in a state has been found to violate the dormant Commerce Clause in a lawsuit brought by a state resident. Consequently, we conclude that § 5301 does not violate the dormant Commerce Clause as it is applied in this case. We thus deny the Motion to Dismiss as to Smitty's argument that the imposition of general personal jurisdiction over it pursuant to § 5301 would violate the dormant Commerce Clause.[2]

## IV. CONCLUSION

For the reasons stated above, we deny Smitty's Motion to Dismiss to the extent that it asks that we dismiss this action for lack of personal jurisdiction over Smitty's pursuant to Rule 12(b)(2). Hegna initially opposed Smitty's request that we transfer this action to the United States District Court for the Eastern District of Louisiana. However, on June 2, 2017, she notified us that she was withdrawing her opposition to Smitty's transfer request and consented to

---

[2]Smitty's also argues that we should dismiss this action pursuant to Rule 12(b)(1) because we lack specific personal jurisdiction over it. However, we need not address this argument since we have found that we have general personal jurisdiction over Smitty's.

10

Smitty's Motion to Transfer. (See Docket No. 24.) We accordingly grant Smitty's transfer request as uncontested. An appropriate Order follows.

BY THE COURT:

_____
John R. Padova, J.